UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

ROTIMI OLOGUNDE ADEBOLA,                                          Petitioner,

v.                                                   Civil Action No. 5:26-cv-146-RGJ

ADAM SMITH, et al.,                                               Respondents.

* * * * *

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Rotimi Ologunde Adebola's Writ of Habeas

Corpus. [DE 1]. Respondents responded on June 15, 2026. [DE 12]. Petitioner filed additional

notices. [DE 16; DE 19]. The parties agreed that no evidentiary hearing is necessary. [DE 13; DE

14]. Warden of Christian County Jail Adam Smith ("Smith") also filed a motion to dismiss. [DE

20]. This matter is ripe for adjudication. For the reasons below, the Court **DENIES** the Petition

for Writ of Habeas Corpus. [DE 1].Smith's motion to dismiss is **MOOT.** [DE 20].

### I.        Background

Petitioner Rotimi Ologunde Adebola ("Adebola") is a 46-year-old native and citizen of

Nigeria. [DE 12-1 at 21-22]. In December 2022, Adebola entered the United States without

inspection. [*Id.*]. Although entering without inspection, Adebola encountered border patrol agents

shortly thereafter. [*Id.*]. He was served a Notice to Appear and released into the interior of the

United States. [*Id.*]. On July 8, 2024, Adebola was convicted of driving without a license. [*Id.*].

On August 8, 2025, Adebola was convicted of speeding. [*Id.*]. On November 28, 2025, Adebola

was charged with operating a vehicle while intoxicated. [*id.*]. On November 30, 2025, Adebola

was served an I-200, Warrant for Arrest of Alien, and taken into custody by Immigration and

Customs Enforcement ("ICE"). [*Id.*]. Adebola was taken into custody at Christian County Jail in

the Western District of Kentucky, where he remains today. [*Id.*].

On February 2, 2026, Adebola was ordered removed by the Immigration Court to either Uganda or Nigeria. [DE 12-7, Order of Immigration Court, at 39]. Adebola did not appeal the Order, and the Order became final on March 4, 2026. [*Id.*]. On May 18, 2026, Adebola was scheduled to be removed to Uganda. [*Id.*]. The charter, however, was cancelled, and ICE is coordinating removal with Nigeria. [*Id.*].

Adebola seeks a Writ of Habeas Corpus alleging that his current detention is in violation of *Zadvydas v. Davis*, 533 U.S. 690 (2001). [DE 1 at 7]. The United States contends that Adebola is properly detained under 8 U.S.C. § 1231 pursuant to the *Zadyvdas* standard. [DE 12 at 16].

## II.    Discussion[1]

### A.    Relevant Immigration Framework

8 U.S.C. § 1231 controls the detention of non-citizens "during" and "beyond" "removal." 8 U.S.C. § 1231(a)(2)-(6). The "removal period" begins once a noncitizen's removal order "becomes administratively final." 8 U.S.C. § 123l(a)(l)(B). The removal period lasts for 90 days, during which ICE "shall remove the [non-citizen] from the United States." And ICE "shall detain the [non-citizen]" as it carries out the removal. 8 U.S.C. § 1231(a)(l)-(2). After the initial 90-day period, a noncitizen "ordered removed. . . as inadmissible under section 1182 of this title. . . may be detained beyond the removal period" or "released" subject to terms of supervision. 8 U.S.C. § 1231(a)(6); *Zadvydas*, 533 U.S. at 683. For post-removal detention to be permissible, the

---

[1] Smith moves to dismiss based on procedural grounds. [DE 20]. But, when possible, the Federal Rules of Civil Procedure support a preference to resolve a dispute on their merits. *Kanuscewski v. Mich. Dep't of Health & Human Servs.*, 927 F.3d 396, n. 4 (6th Cir. 2019); *Phoenix Process Equip. Co., v. Capital Equip. & Trading Co.,* 2022 WL 3365069, at *3 (W.D. Ky. Aug. 15, 2022); *Freeman v. Spoljaric*, 667 F.Supp. 3d 636, 661 (S.D. Ohio 2023) ("Where possible, 'it is preferable for courts to decide matters on the merits, rather than on procedural grounds.'") (quoting *Romero v. City of Middletown*, 2021 WL 308149, at *4 (S.D. Ohio Jan. 29, 2021). Because the Court denies Adebola's Petition on the merits, it need not reach Smith's procedural arguments. Further, neither party asserted any exhaustion-related arguments and no applicable statute or rule mandates exhaustion. However, because many decisions in similar cases by district courts within the Sixth Circuit discuss this principal, the Court incorporates its analysis on exhaustion of remedies from a previous case, *Edahi,* 2025 WL 3466682, at *3, and the Court waives the exhaustion requirement for the same reasons.

removal must be reasonably foreseeable. *Id.* at 699. What constitutes reasonable foreseeability is determined on a case-by-case inquiry, with no specific point in time where the detention becomes constitutionally impermissible. *Id.* However, the Supreme Court held that a period of detention under six months is a "presumptively reasonable period of detention." *Id.* at 701. This does not mean that any detention longer than six months is unreasonable. *Id.* After six months, the detention of the noncitizen may continue to be constitutionally permissible according to a burden shifting framework. *Id.* First, the noncitizen must "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If this is met, the burden shifts to the United States. The United States must "respond with evidence sufficient to rebut that showing." *Id.* "And as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' necessarily shrinks." *Lopez v. Raycraft,* 2026 WL 1370583, at *12 (E.D. Mich. May 15, 2026) (quoting *Zadvydas,* 533 U.S. at 701). "Said differently: A person with a final removal order 'may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.'" *Id.*

B.    **Application to Adebola**

Adebola's final order of removal was considered final pursuant to 8 U.S.C. § 1231 on March 4, 2026. [DE 12 at 15]. As of today, Adebola is still within the six-month detention period, which is presumptively reasonable. *Zadvydas,* 533 U.S. at 701. "Although the Supreme Court established a six-month period of presumptively reasonable detention," courts have found that *Zadvydas* does "not preclude a detainee from challenging the reasonableness of his detention before such time." *See, e.g.*, *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395–96 (D.N.J. 2025) (citing, *inter alia*, *Zadvydas*, 533 U.S. at 699–701). If a person can prove that "his removal is not reasonably foreseeable" then he can overcome the United States's presumption of reasonableness. *Id.* at 397. But "in most cases, this heavy standard will be impossible to meet and

3

habeas petitions will be easily denied." *Lopez,* 2026 WL 1370583, at \*12 (citing *Cruz Medina v. Noem*, 794 F. Supp. 3d 365, 375 (D. Md. 2025); *see also, Guerra-Castro v. Parra,* 2025 WL 1984300, \*4 (S.D. Fla. July 17, 2025) (rejecting a habeas petition prior to a six-month detention because the claim was "premature"). And "successful petitioners under the *Zadvydas* framework prototypically include persons whom the government is 'unable to remove.'" *Euceda v. Evans,* 2017 WL 1534197, at \*4 (E.D. Va. Apr. 24, 2017) (quoting *Zadvydas,* 533 U.S. at 695). It also includes persons who are "left in [a] removable-but-unremoveable limbo." *Jama v. Immigr. Customs Enf't,* 543 U.S. 335, 347 (2005).

Adebola cannot meet his burden. Adebola has been ordered removed by an Immigration Judge to either Uganda or Nigeria. [DE 12-7 at 39]. Adebola states that he "wishe[s] be [sic] released." [DE 1 at 7]. Adebola must "offer more than 'conclusory statements'" demonstrating that he not be removed, but must offer concrete evidence that his removal is not reasonably foreseeable. *Esmaeili v. Noem,* 2026 WL 240661, at \*3 (S.D. Cal. Jan. 29, 2026) (quoting *Andrade v. Gonzalez,* 459 F.3d 538, 543 (5th Cir. 2006)); *see also, Wang v. Bondi,* 2026 WL 1113519, at \*3 (W.D. Mich. Apr. 24, 2026) (holding that the Petitioner must provide "evidence showing that removal is not significantly likely"). And although Adebola has been detained for roughly five months, that fact, without more, is insufficient to meet his burden. *Smith v. Simon,* 2019 WL 4143088, \*4 (N.D. Ohio July 17, 2019) (holding that the "mere passage of time" is inadequate to obtain *Zadvydas* relief) (quoting *Beckford v. Lynch,* 168 F. Supp. 3d 533, 539 (W.D.N.Y. 2016). Although the passage of time necessarily "shrinks" what is considered as the 'reasonably foreseeable future," the passage of time alone is insufficient. *Lopez,* 2026 WL 1370583, at \*12. As a result, Adebola has failed to meet his burden at this stage "to come forward with evidence showing that removal is not significantly likely to occur sometime soon." *Wang,* 2026 WL 1113519, at \*3; *see also, Abdalla v. Johnson*, 2017 WL 345731, at \*4 (E.D. Mich. Jan. 24, 2017)

4

(holding that Petitioner had not met his burden on a *Zadvydas* claim, even a year into detention, because petitioner "provide[d] no evidence" that removal was unlikely to occur in the near future).

In *Jama,* the Supreme Court held that petitioner had met this burden because the "petitioner had definitively established that no country would accept him." *Woldeghergish v. Lynch,* 2025 WL 4648129, *10 (S.D. Ohio Oct. 23, 2025) (citing *Jama,* 543 U.S. at 347); *Demore v. Kim,* 538 U.S. at 510, 527 (2003) (the primary question is whether removal is "(n)o longer practically attainable"); *Miranda v. Garland*, 34 F.4th 338, 361 (4th Cir. 2022) ("*[Z]advydas* should not be expanded beyond the context of the indefinite and potentially permanent detention involved here.") Adebola has not "definitively established" that Uganda nor Nigeria would not accept him. *Jama,* 543 U.S. at 347. Simply stating that he wishes to not be removed is insufficient. *Ahmed v. Brott*, 2015 WL 1542131, at *4 (D. Minn. Mar. 17, 2015); *report and recommendation adopted*, 2015 WL 1542155 (D. Minn. Apr. 7, 2015) (collecting cases). Thus, as the record currently stands, Adebola has not demonstrated that he is facing a "potentially permanent detention" which *Zadvydas,* and the Fifth Amendment, prohibit. *Miranda,* 34 F.4th at 361; *see Zadvydas*, 533 U.S. at 699-701. As a result, Adebola fails to meet his initial burden. *Id.*

Moreover, ICE has demonstrated that Adebola is likely to be removed in the reasonably foreseeable future. *Medina*, 794 F. Supp. 3d at 375. The United States has provided to the Court Adebola's Order of Removal and a sworn declaration by Adebola's Deportation Officer ("DO"). [DE 12-8 at 43]. The declaration states that "ICE routinely obtains travel documents from Nigeria, and Nigeria is fully cooperative in doing so." [*Id.*]. And further, "as soon as those travel documents are obtained, Petitioner will be expeditiously removed to Nigeria." [*Id.*]. As a result, ICE has provided evidence that supports Adebola's removal is reasonably foreseeable. *Lin v. Warden,* 2026 WL 412115, *2 (S.D.N.Y. Feb. 13, 2026) (holding that the United States has provided sufficient evidence that removal was reasonably foreseeable and denying the habeas petition);

5

*Woldeghergish,* 2025 WL 4648129, *10 (denying habeas petition while the United States was only waiting for travel documents prior to removal); *Thai v. Hyde,* 788 F. Supp. 3d 57, 61 (D. Mass. 2025) (holding that evidence of the United States's removal efforts are "sufficient grounds for the Court to conclude that petitioner's removal is foreseeable"). District courts within the Sixth Circuit routinely use sworn declarations from ICE officers as evidence that removable is reasonably foreseeable. *See, e.g., Woldeghergish,* 2025 WL 4648129, *11 (holding that a declaration from a DO regarding Petitioner's removal process demonstrates that removal is reasonably foreseeable); *Ahmed v. U.S. Att'y Gen,* 4271704, *2 (S.D. Ohio Aug. 29, 2017) (holding that because of the SDDO's declaration, "petitioner has not provided good reason to believe that his removal is unlikely in the reasonably foreseeable future"); *Estenor v. Holder,* 2011 WL 5572596, *2-4 (W.D. Mich. Oct. 24, 2011) (same).

Accordingly, Adebola's *Zadvydas* claim fails. He has not proven that he is unlikely to be removed in the near future. "Should the Government's efforts to secure removal ultimately stall or fail to bear fruit, Petitioner remains free to file a new petition asserting that continued detention is no longer reasonable." *Wang,* 2026 WL 1113519, at *4.

### III.    Conclusion

For the reasons stated above, the Court **DENIES** Adebola's Petition for Writ of Habeas Corpus [DE 1]. And accordingly, Smith's motion to dismiss is **MOOT**. [DE 20].

Rebecca Grady Jennings, District Judge
United States District Court

August 13, 2026